IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GULF COAST FRANCHISING, L.L.C. d/b/a
JANI-KING OF JACKSON and TAYLOR LYLE                      **PLAINTIFFS**

VS.                                      CIVIL ACTION NO. 3:03cv230BN

WAL-MART #365 and
CHARLES ROE                                                **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS OF PLAINTIFF TAYLOR LYLE

Taylor Lyle (Lyle) owned the rights to a Jani-King franchise and in that capacity was awarded a contract to provide commercial cleaning services to Wal-Mart #365 located in Pearl, Mississippi (Wal-Mart). By breaching the terms and conditions of the contract, Wal-Mart caused financial damage to Lyle. As a third party beneficiary to the contract, Lyle has a vested financial interest in this litigation and is a proper party regarding the claims asserted.

### GENERAL FACTS

In May of 1999, Wal-Mart hired Jani-King of Jackson (Jani-King) to provide commercial janitorial services at the Pearl location. The contract was signed by Charles Roe, manager of the Wal-Mart facility, and Thomas Coke, Regional Director with Jani-King. Taylor, and active franchisee in the area, was awarded the contract and immediately began servicing the client. For the next three (3) years, Lyle provided commercial cleaning services to Wal-Mart. In late June, 2002, after the co9ntract had renewed according to its terms, Wal-Mart advised Lyle that his services were being unilaterally terminated by Wal-Mart.

Shortly after Lyle and his Jani-King franchise were evicted from the premises and barred from performing further cleaning services, and despite specific contract provisions prohibiting it, Wal-Mart hired employees of Lyle to perform cleaning services for Wal-Mart.

Having been denied the benefit of the contract with Wal-Mart, Lyle and Jani-King asserted a claim for breach of contract against Wal-Mart.

## ARGUMENT AND AUTHORITIES

Summary Judgment under Rule 56, F.R.C.P., is only allowed where there exists no genuine issue of material fact regarding the claims being asserted. Federal Rules of Civil Procedure 56(c). In ruling on a motion for summary judgment, the Court must consider "the evidence and the inferences to be drawn therefrom in the light most favorable to the non-moving party." <u>Robinson, et al v. Guarantee Trust</u>, 389 F. 3d 475, 478 (5th Cir. 2004).

Defendant asserts that Lyle is prohibited from participating in this litigation because he did not actually sign the Maintenance Agreement between Jani-King and Wal-Mart. Exhibit "A" to Defendant's motion. In a breach of contract claim, it is not necessary that the party seeking damages be an actual signator on the contract. "Under Mississippi law, a stranger to a contract may enforce a promise made for his benefit which derives from the terms of the contract." <u>Robinson, et al v. Guarantee Trust</u>, id @ 479; see also <u>Stewart v. City of Jackson</u>, 804 So. 2d 1041 (Miss. 2002). Therefore, privity of contract is not an absolute necessity in a breach of contract claim.

There is nothing to dispute the fact that Lyle owned the Jani-King franchise that fulfilled the commercial cleaning contract with Wal-Mart. Likewise, there is nothing to dispute that Lyle

2

directly benefitted financially from the contract. Mississippi law recognizes that where such facts exist, Lyle is entitled to bring and participate in a suit for breach of contract. *Rein v. Benchmark*, 865 So. 2d 1134 (Miss. 2004).

## CONCLUSION

By unilaterally and improperly terminating the contract, denying Lyle the opportunity to continue providing commercial cleaning services on the premises, and soliciting and hiring Lyle's employees, Wal-Mart breached the terms of the Maintenance Agreement. The contract contains terms which establish the damages to which Plaintiffs, and Lyle in particular, are entitled. At the very least, there is a factual dispute regarding the status of Lyle such that summary judgment cannot be granted. *Robinson, et al v. Guarantee Trust*, id @ 479. "Where there the slightest doubt over whether a factual issue exists, the Court should resolve in favor of the non-moving party." *Rein v. Benchmark*, id @ 1139.

Based upon the authorities cited hereinabove, the evidence, exhibits and other information before the Court, Plaintiff Lyle respectfully requests that an Order be entered denying Defendant's summary judgment motion. Plaintiff requests such other relief as deemed appropriate by the Court.

RESPECTFULLY SUBMITTED, this the 29th day of January, 2005.

GULF COAST FRANCHISING, L.L.C. d/b/a
JANI-KING OF JACKSON and TAYLOR LYLE

Brent E. Southern (MSB# 7697)
Attorney for Plaintiffs

OF COUNSEL

Brent E. Southern
MS Bar No. 7697
The Law Office of Brent E. Southern
Post Office Box 13587
Jackson, Mississippi 39211
855 South Pear Orchard Road
Orleans Square, Suite 502
Ridgeland, Mississippi 39157
Telephone (601) 956-9116
Facsimile (601) 956-8835

## CERTIFICATE OF SERVICE

I, Brent E. Southern, do hereby certify that I have on this date forwarded by U. S. Mail a true and correct copy of the above

> P. Ryan Beckett
> Post Office Box 22567
> Jackson, Mississippi 39225-2567

THIS, the 29TH day of January, 2005.

*Brent E. Southern*
Brent E. Southern